UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:   0:15-cv-61788-COHN/SELTZER

SAMUEL HENDRICK ARTISTE,

    Plaintiff,
v.

BROWARD COLLEGE,

    Defendant.
_____/

## DEFENDANT'S MOTION AND MEMORANDUM OF LAW TO COMPEL BASED ON PLAINTIFF'S COMPLETE FAILURE TO RESPOND TO DISCOVERY AND REQUEST FOR EXPEDITED RULING

Defendant the District Board of Trustees of Broward College, Florida ("Broward College"), through undersigned counsel, pursuant to Federal Rules of Civil Procedure 26, 33, 34 and 37(a)(1), and Southern District of Florida Local Rule 26.1, requests that the Court order Plaintiff, who is *pro se*, to deliver overdue responses to written discovery served upon him by December 22, 2015.

**I.  INTRODUCTION.**

This Motion concerns overdue discovery Broward College has requested in advance of Plaintiff's deposition in this case.  Plaintiff's complete failure to timely respond has already forced the rescheduling of that deposition once, and with less than five (5) weeks remaining in the pretrial discovery period (including next week's holidays), Broward College has been forced to file this Motion now.  Broward College respectfully requests an expedited ruling.

**II.    BACKGROUND.**

   **A.    The trial date and discovery schedule.**   This matter has been set for the Court's two-week trial period commencing April 25, 2016.  (ECF No. 5).   Accordingly, the day after its October 29, 2015 Scheduling Conference, the Court entered a Scheduling Order establishing certain deadlines – among them the deadline of January 22, 2016 for the parties to *complete* fact discovery.   (ECF No. 22, p. 1).[1]

   **B.    The service of written discovery.**   On November 2, 2015, two business days after the discovery schedule was established by the Court on October 29, 2015, Broward College served Plaintiff with its First Interrogatories (consisting of 9 interrogatories) and First Requests for Production (consisting of 13 requests).[2]    Accordingly, Plaintiff's responses to these items were due December 7, 2015 (mail days included).

   On November 5, 2015, Broward College served Plaintiff with its Second Interrogatories (consisting of 1 four-part interrogatory, directed specifically to the central allegations in Plaintiff's Second Amended Complaint).   Accordingly, Plaintiff's response was due December 8, 2015 (mail days included).

   On November 10, 2015, Broward College served Plaintiff with its First Requests for Admission and Third Interrogatories.   Accordingly, Plaintiff's responses were due December 14, 2015 (mail days included).

---

[1] Plaintiff proposed an earlier date of January 15, 2016, and Broward College proposed a later date of February 5, 2016.   (*See* ECF No. 17).    Neither party objected to the date established by the Court.

[2] Plaintiff moved even more quickly, serving Broward College with his First Requests for Production on October 29, 2015, the very date of the Scheduling Conference.  (*See* ECF No. 18).

C. **Plaintiff's deposition date.**  On November 10, 2015, Broward College noticed Plaintiff's deposition for an agreed-upon date of December 17, 2015.  This date was selected with the intention of allowing Broward College to receive, at minimum, Plaintiff's responses to the discovery due from Plaintiff on December 7 and 8, 2015.[3]

D. **Plaintiff's failure to respond to written discovery.**  Plaintiff has failed to serve *any response to any of the written discovery served on him.*[4]

## III. CERTIFICATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(a)(1) AND SOUTHERN DISTRICT OF FLORIDA LOCAL RULE 7.1(a)(3).

Undersigned counsel for Broward College certifies that several attempts have been made (as set forth below) to confer with Plaintiff, who is *pro se*, in an effort to resolve by agreement the issues raised by this motion, but has been unable to obtain such agreement.

On Friday, December 11, 2015 at 9:04 a.m., four (4) days after Plaintiff was due to respond to the First Interrogatories and First Requests for Production, and three (3) days after Plaintiff was due to respond to the Second Interrogatories, undersigned counsel for Broward College wrote to Plaintiff by email to inquire about the status of these items, and requested the overdue items by 5:00pm on Monday, December 14, 2015 (so those could be used in Plaintiff's deposition, then scheduled for Thursday, December 17, 2015).  Broward College indicated that

---

[3] Conducting Plaintiff's deposition on December 17, 2015 would also have permitted Broward College to determine whether: (a) additional written discovery would be necessary and serve that discovery by December 18, 2015, the deadline to do so to permit that written discovery to be completed by the discovery cutoff date of January 22, 2016; (b) leave should be sought to make any amendments to Broward College's Answer, Defenses and Affirmative Defenses (ECF No. 27) by the deadline of December 18, 2015.  (ECF No. 22, p. 1).

[4] Because this Motion is premised on Plaintiff's complete failure to respond to the discovery sought to be compelled, the overdue discovery is not attached or set forth in this Motion.  *See* S.D. Fla. L.R. 26.1(g)(2).

if responses were not timely received in advance of the deposition, it would be necessary to reschedule Plaintiff's deposition.

On Monday, December 14, 2015, at 4:59 p.m., Plaintiff emailed back. He indicated he would provide certain documents and "all responses" to the First Requests for Production *at* his deposition on December 17, 2015.[5] Alternatively, Plaintiff suggested his deposition be renoticed for December 29, 2015. Plaintiff did not address Broward College's request for remaining discovery items (i.e., the First, Second, or Third Interrogatories, or the First Requests for Admission).

At 5:40 p.m., undersigned counsel for Broward College responded by email. Plaintiff's deposition was rescheduled from December 17, 2015 to December 29, 2015.[6] Further, Broward College requested that Plaintiff *confirm* by noon on Tuesday, December 15, 2015 that he would *deliver* responses to the overdue discovery by noon on Friday, December 18, 2015. No response was received from Plaintiff.

On Wednesday, December 16, 2015, undersigned counsel for Broward College again requested that Plaintiff confirm by noon that he would provide the overdue responses by noon on December 18, 2015. No response has been received from Plaintiff.

---

[5] But Plaintiff also claimed that the two CDs he was provided by Broward College in response to his First Request for Production did not contain what he had requested, and seemingly sought to condition his own responses to the overdue discovery on that issue, making it unclear whether Plaintiff acknowledges that his own discovery obligations are independent of any dispute he has with Broward College.

[6] Plaintiff's deposition was rescheduled from December 17 to 29 with the goal of avoiding the potential need to conduct two sessions of Plaintiff's deposition – once before complete discovery requests were received and once afterward, which would be a burden to both litigants and would necessitate leave of Court if Plaintiff did not agree to appear for a second session occasion. *See* Fed.R.Civ.P. 30(a)(2)(ii), 30(d)(1).

Broward College is reluctant to involve the Court in a discovery matter, but has little choice given Plaintiff's failure to confirm he will provide what is now overdue, by December 18, 2015 or at any other date and time.  In light of the existing discovery schedule, without any assurance Plaintiff will respond to the overdue discovery, it may be difficult for Broward College to seek and obtain relief from the Court the following week (December 21 through December 25, 2015) in time to have the overdue discovery for Plaintiff's deposition, now scheduled for Tuesday, December 29, 2015 or for Broward College to complete fact discovery by January 22, 2016, the deadline to do so.

Accordingly, Broward College requests that Plaintiff be directed to provide responses to the First Requests for Production (including responsive documents), and the First and Second Interrogatories by <u>December 22, 2015.</u> [7]  This date is fully two weeks after Plaintiff's responses were due.

Plaintiff's *pro se* status does not exempt him from his discovery obligations.   A *pro se* litigant is required to adhere to all orders and follow the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida.  *See Tennyson v. ASCAP*, 477 Fed.App'x 608, 609 (11th Cir. 2012)(stating that *pro se* party must follow rules of procedure and evidence).[8]

That said, in light of Plaintiff's *pro se* status, Broward College does not seek the expenses associated with this Motion under Rule 37(a)(5), although it is permitted to do so.   Broward

---

[7] Broward College does not seek to compel responses to the First Requests for Admission. Pursuant to Federal Rule of Civil Procedure 36(a)(4), Plaintiff's failure to timely respond is deemed an admission of the matters set forth in Broward College's First Requests for Admission, and any relief from the effect of that rule must be requested by Plaintiff.  Similarly, since the Third Interrogatories were directed solely to any denials Plaintiff made to the First Requests for Admission, Broward College does not request that the Court compel these responses either.

[8] Indeed, Plaintiff has availed himself of these rules, serving the first written discovery requests of this case (ECF No. 18) and two Motions to Compel (ECF No. 23; ECF No. 31).

College seeks only what it needs to defend this case: responses to the written discovery it has served on Plaintiff.

## IV.     REQUESTED RELIEF.

Broward College requests that Plaintiff be ordered to deliver responses (and responsive documents) by December 22, 2015, to:

(a)     Broward College's First Interrogatories (served November 2, 2015);

(b)     Broward College's First Requests for Production (served November 2, 2015);

(c)     Broward College's Second Interrogatories (served November 5, 2015);

WHEREFORE Defendant District Board of Trustees of Broward College, Florida, moves the Court for an Order compelling Plaintiff to respond to the foregoing items by December 22, 2015.

Dated: December 16, 2015.

Respectfully submitted,

s/  Eric K. Gabrielle
Eric K. Gabrielle (Florida Bar No. 160725)
Email: egabrielle@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
200 East Las Olas Boulevard – Suite 2100
Fort Lauderdale, Florida  33301
Telephone:  954-462-9500
Facsimile:  954-462-9567
*Attorneys for Defendant Broward College*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail and electronic mail on this 16th day of December, 2015, on all counsel or parties of record on the Service List below.

s/ *Eric K. Gabrielle*
Eric K. Gabrielle

## SERVICE LIST

Plaintiff, Samuel Hendrick Artiste, *pro se*
9510 Atlantic Street
Miramar, Florida  33025
([hendrickartiste@gmail.com](hendrickartiste@gmail.com))