UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:    0:15-cv-61788-COHN/SELTZER

SAMUEL HENDRICK ARTISTE,

    Plaintiff,

v.

BROWARD COLLEGE,

    Defendant.

_____/

**DEFENDANT'S MOTION IN LIMINE REGARDING
PLAINTIFF'S FAILURE TO MITIGATE DAMAGES
AND SUPPORTING MEMORANDUM OF LAW**

Defendant District Board of Trustees of Broward College, Florida (named in this action as "Broward College")(herein "Broward College"), through undersigned counsel and pursuant to the Court's Scheduling Order (ECF 22), moves in limine for the exclusion of evidence, argument or other reference at trial concerning alleged compensatory damages being sought by Plaintiff in this case arising from his loss of income at Broward College.

**I.    INTRODUCTION.**

By operation of Federal Rule of Civil Procedure 36(a)(3), it has been conclusively established in this case that Plaintiff made no effort to seek employment and/or otherwise obtain income or monies from any source to replace or substitute for the income he claims to have lost as a result of his termination from employment at Broward College.

Accordingly, no evidence or argument is properly directed toward these issues at trial.

## II.    ARGUMENT.

### A.    The compensatory damages being sought by Plaintiff.

Among the damages Plaintiff claims in this case are the following:    (a) damages of $213,000.00 due to loss of his "investment property;" (b) damages of $333,000.00 due to his primary residence going into foreclosure;[1] (c) damages of $308,467.00 due to his "land investment" property in foreclosure; and (d) "back pay" of about 3 years.   (ECF 54-1, p. 7).

### B.    It is established by Rule that Plaintiff has failed to mitigate damages.

#### 1.    Plaintiff's failure to respond to the First Requests for Admission.

On November 10, 2015, Broward College served Plaintiff with its First Request for Admission.  (ECF 54-1).

The first such Request asked Plaintiff to:

> [a]dmit that since April 1, 2015, [he had] made no effort to seek employment and/or otherwise obtain income or monies from any source to replace or substitute for, in whole or in part, the income [he] claim[s] to have lost as a result of [his] termination from employment at Broward College on April 1, 2015.

(ECF 54-2, ¶ 1).

#### 2.    The effect of Plaintiff's failure to respond.

Pursuant to Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."   A matter admitted under Rule 36 "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."   Fed.R.Civ.P. 36(b).

---

[1] It appears undisputed that foreclosure proceedings began against Plaintiff's residence after no payments were made on Plaintiff's mortgage between November 1, 2014 – four months *before* Plaintiff was discharged from Broward College – and June 15, 2015.  (ECF 39, 465/11-468/16).

"Rule 36(a) is self-executing, meaning that no court intervention is necessary for an admission to be established, and failure to timely respond results in the admission of the matters raised in a requests for admissions." *Moses v. U.S. Steel Corp.*, 946 F.Supp. 834, 840 (N.D. Ind. 2013). "While the failure to respond to a request for admissions may deprive a party of the opportunity to contest the merits of the case, the result is the orderly disposition of the case." *Id.*

Plaintiff never responded to the Requests for Admission or sought relief from the effect of Rule 36(a)(3), even after Broward College specifically noted in a Motion to Compel responses to other written discovery that "Plaintiff's failure to timely respond [ ] is deemed an admission of the matters set forth [ ] and any relief from the effect of that rule must be requested by Plaintiff." (ECF 33, p. 5, n. 7).

Accordingly, Plaintiff's failure to respond to the Requests for Admission means it is "conclusively established" that Plaintiff "made no effort to seek employment and/or otherwise obtain income or monies from any source to replace or substitute for, in whole or in part, the income [he] claim[s] to have lost as a result of [his] termination from employment at Broward College on April 1, 2015."

### 3. The duty to mitigate damages and the burden of proof.

A plaintiff must mitigate his damages by seeking employment "substantially equivalent" to the position from which he was discharged. *Armstrong v. Charlotte County Bd. of County Com'rs*, 273 F.Supp.2d 1312, 1317 (M.D. Fla. 2003). While a plaintiff has a duty to exercise reasonable diligence to mitigate his damages, the burden is on the defendant to prove a plaintiff's failure to discharge that duty. *Id.*[2]

---

[2] Broward College pleaded this affirmative defense in its Answer, Defenses and Affirmative Defenses. *See* ECF 27, ¶ 93(a).

Generally, the burden regarding mitigation requires the defendant to prove that substantially equivalent work was available and the employee did not use reasonable diligence to obtain it.  *See EEOC v. Massey Yardley Chrysler Plymouth*, 117 F.3d 1244, 1251-52 (11th Cir. 1997); *Hudson v. Chertoff*, 473 F.Supp.2d 1292, 1297 (S.D. Fla. 2007).

But where the employer proves that the employee has not made reasonable efforts to obtain work, the employer does not also have to establish the availability of substantially comparable employment.  *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1527 (11th Cir. 1991); *Hudson*, 473 F.Supp.2d at 1297.

Here, by operation of Rule 36(a)(3), Plaintiff is deemed to have made no effort to seek employment and/or otherwise obtain income or monies from any source to replace or substitute for, in whole or in part, the income he claims to have lost as a result of his termination from employment at Broward College on April 1, 2015.

Accordingly, Broward College's defense of Plaintiff's failure to mitigate damages should be deemed established for purposes of the evidence at trial.

### C. Plaintiff should be precluded from offering evidence or argument at trial regarding economic damages associated with his discharge from employment at Broward College.

Because it is established that Plaintiff's failed to mitigate alleged damages associated with lost income he claims arose from his loss of employment with Broward College, any evidence or argument by Plaintiff directed toward this matter is irrelevant to the matters to be tried, and should accordingly be precluded.

### III. CONCLUSION.

WHEREFORE, Defendant Broward College respectfully requests that the Court enter an Order precluding Plaintiff from offering evidence, argument or making other reference at trial to

alleged economic damages associated with his loss of income from employment with Broward College.

                Respectfully submitted,

                s/  *Eric K. Gabrielle*
                Eric K. Gabrielle (Florida Bar No. 160725)
                Email:  egabrielle@stearnsweaver.com
                **STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
                200 East Las Olas Boulevard – Suite 2100
                Fort Lauderdale, Florida  33301
                Telephone:  954-462-9500
                Facsimile:  954-462-9567
                *Attorneys for Defendant Broward College*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by first-class U.S. Mail on this 5th day of April 2016, on all counsel or parties of record on the Service List below.

s/  *Eric K. Gabrielle*
Eric K. Gabrielle

## SERVICE LIST

Plaintiff, Samuel Hendrick Artiste, *pro se*
9510 Atlantic Street
Miramar, Florida  33025
(hendrickartiste@gmail.com)